United States District Court
District of Connecticut
FILED AT BRIDGEPORT
June 15, 20 15
Roberta D. Tabora, Clerk
By Tasha Olive
Deputy Clerk
SKS

IN THE ~~SUPERIOR~~ DISTRICT COURT

FOR THE

STATE OF CONNECTICUT

---

SALISSOU KARIM-SEIDOU

V.

SAINT FRANCIS CARE, INC.

CIVIL ACTION N0.
3:15cv912(JAM)

JURY TRIAL REQUESTED N0. -----------

DATE: ----------------------

---

## COMPLAINT

1. Plaintiff Salissou Karim-Seidou brings this action against Saint Francis Care, Inc.
2. This action is brought pursuant to title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., for employment discrimination on the basis of race, color, national origin, sex, disability & retaliation; jurisdiction is conferred on this Court pursuant to U.S.C. and the Connecticut statutes.
3. Plaintiff has complied with all procedural prerequisites to suit, having filed complaint with the United States Equal Employment Opportunity Commission and having received a notice of right to suit letter **EEOC case N0. 523-2014-00802**
4. On about June 25, 2012, Plaintiff was hired by the Defendant as a per diem Histotechnologist.
5. Technically, during the tenure of his employment with the Defendant, plaintiff was consistently scheduled by Michelle Zaijack to work full time/part time mostly until June 2013 when Meena the new supervisor took office.
6. Before Meena took office, Plaintiff was working twenty hours. This indicates Plaintiff was eligible for benefits as stated in the terms and condition of his employment letter.
7. Plaintiff's job description for the Defendant includes, sectioning and mounting human tissue specimens received from surgery room onto slides and dry them and stain them and submit them to Doctors (Pathologists) for microscopic diagnosis.

8. Plaintiff worked in one of the Defendant's Laboratories known as Collaborative Lab Services (CLS) at 114 Woodland ST Hartford, Connecticut postal code 06105.
9. Kathleen Luzcyk is the manager of the Defendant's laboratory in which Plaintiff worked.
10. Plaintiff is still on the Defendant's payroll to present but technically out of schedule.
11. Meena Henry-Chauhan is Plaintiff direct supervisor and Mrs. Chauhan was hired to replace Michelle Zaijack who initially hired Plaintiff.
12. At all relevant times, Mrs. Kathleen is the Chief Operation Officer (COO) who oversees the entire CLS business operations.

**COUNT ONE**:

13. **Paragraphs 1 through 12 are repeated and re-alleged in this Count.**
14. **Defendant unlawfully discriminated against Plaintiff because of his race, color, national origin, sex, disability, and retaliation in that:**
    a) Between June through December of 2012, Plaintiff applied for a full time job vacancy while Michelle Zaijack was Plaintiff's direct supervisor and was offered the job; as soon as Michelle Zaijack left the Defendant for another opportunity, the COO Kathleen, changed the position hours for the plaintiff making the job offer more challenging to Plaintiff.
    b) Plaintiff requested reasonable accommodation for the job due to the sudden change and was denied.
    c) Moreover, Kathleen counseled Plaintiff out of the position and advising to choose one; whether Plaintiff wants to stay per Diem or to work early morning 3am shift. Following Kathleen's advice along with her denial of Plaintiff's request for reasonable accommodation; Plaintiff declined the offer and stated the reason, "**being combination of medication affects Plaintiff's ability to wake up early morning 3am.**"
    d) Sooner after Plaintiff declined the job, in December of 2012, Kathleen changed the time and shift hours from 3am to 6:30 am in January and offered the position to a Kurdish-American, an ARABE.
    e) In addition, Kathleen reduced Plaintiff hours from 40-24 per week.
    f) Furthermore, Kathleen and Meena maliciously used discrimination and retaliation tactics against Plaintiff technically removed Plaintiff from the weekly schedule taking the rest of Plaintiff's weekly 24 hours and earnings away.
    g) **Plaintiff has same attendance record and work hours shift and schedule or better than SIMILARLY SITUATED COWORKERS even those who were hired after Plaintiff was denied accommodation; but, Plaintiff was the sole victim and against whom Kathleen ad Meena used attendance record against.**

h) Kathleen treats the entire Histotechnicians favorably **except** "Plaintiff" the only Black African -American. The disparity and comparison in treatment between Plaintiff and similarly situated coworkers Histotechnicians shows that Plaintiff was treated unfavorably.

i) Kathleen treated Plaintiff's unfavorably because according to her, in a written letter which Kathleen addressed to plaintiff, she stated that, Plaintiff requested reasonable accommodation and indicates he could not work earlier before 5:30am, comparing Plaintiff hours to the similarly situated coworkers of different race, color, national origin and sex.

j) Kathleen did not only Compared Plaintiff's work schedule to his coworkers', in addition Kathleen told Plaintiff since Plaintiff indicates he can't work earlier, before 5am; she doesn't need Plaintiff, because she wants to get the slides to physicians latest by 8am and that is why Plaintiff was removed from the weekly schedule she added.

k) Kathleen stated she would keep Plaintiff for later assignments, even after the fact that Kathleen already indicates to Plaintiff she doesn't have later assignment.

l) According the Defendant, the Histotechnician and Histology jobs are early hour's job and the turnaround time according to the Defendant is 8AM; but the Defendant hired four (4) more new Plaintiff's coworkers who worked same or later hours compared to Plaintiff after she stated she wants to get slides sent to Pathologists by 8am.

m) In 2013, Meena denied Plaintiff from having his annually training at work so, Meena willfully intended to deprive Plaintiff from getting paid like his coworkers of different race color, national origin and sex; the rest of Plaintiff's coworkers Histotechnicians were paid for their training including the new per diem; Meena invited Plaintiff's coworkers per diems to punch in at work to complete their annual training; contrary, told Plaintiff to complete his training on the last day of the deadline by midnight, and threatened to terminate Plaintiff if missed deadline.

n) **In 2014, as soon as Plaintiff filed a discrimination complaint against Meena, she designed colored shoes representing the entire Anatomy Pathology staffs name and was posted in the Break Room. Meena discriminates against Plaintiff the only Black African- American Histotechnician. Meena willfully excluded Plaintiff's name from the employees list, even after the fact that Plaintiff was still on the Defendant's Payroll. In fact, the entire Histology employees includes the new per diem hired the Caucasian Ukrainian-American who was hired to technically replace Plaintiff was listed and had her name except Plaintiff.**

n) In 2014, as soon as Plaintiff filed a discrimination complaint against Meena, she designed the entire Anatomy Pathology staffs name with colored shoes representing each staff member name and was posted in the Break Room. Meena discriminates against Plaintiff the only Black African- American Histotechnician. Meena willfully excluded Plaintiff's name from the employees list, even after the fact that plaintiff was not on schedule but Plaintiff was still on the Defendant's employee and the Payroll.

o) In fact, the entire Histology employees includes the new per diem hired the Caucasian Ukrainian-American who was hired after Plaintiff being taken off schedule had her name but Plaintiff had not.

p) As matter of fact, while Plaintiff's discrimination complaint investigation was under review by the EEOC, Defendant discriminates /retaliated against Plaintiff for exercising his protected activities, thus Defendant maliciously denied Plaintiff another full time vacancy position job opportunity. Kathleen offered the full time position to same per diem that was hired to replace Plaintiff, within a day period, after it has been allegedly said to be posted, avoiding Plaintiff from having time or being considered for the opportunity he had to apply for the vacancy.

q) Meena denied Plaintiff employment benefits sick time but granted sick time to Plaintiff's coworkers of different race, color, national origin, and sex; even though Plaintiff has accrued his sick time. Defendant discriminated against Plaintiff and deprived him from his employment benefits by violating the terms and conditions of Plaintiff employment. Plaintiff offer letter indicates that Plaintiff would be eligible for benefits if worked 20 hours or more; Plaintiff record shows that he worked over 20, but for whole year, Kathleen deprived Plaintiff his benefits such as medical, vision & dental insurance, life insurance, retirement funds such as 401k.

19. Throughout this time, Plaintiff believed he has being punished, discriminate and retaliated against for complaining to EEOC and for exercising his protected activities.

r) As results to Kathleen and Meena's actions, Plaintiff was forced out of the weekly schedule; therefore lost average 30 hours per week. Plaintiff earns $30/hour thus lost an average 30hoursx$30 = $900 per week.

20. Plaintiff has suffered damages because of Defendant's actions.

**COUNT THREE**

21. **Paragraphs 1 through 20 are repeated and re-alleged in this second Count.**
22. **Defendant intended to inflict emotional distress or should have known that emotional distress was likely to result from Meena Henry -Chauhan and Kathleen Luzcyk's extreme and outrageous conduct which included:**

a) Between June through December of 2012, Plaintiff applied for a full time job vacancy while Michelle Zaijack was Plaintiff's direct supervisor and was offered the job; as soon as Michelle Zaijack left, the COO Kathleen changed the position hours including the terms and condition of the offer for the plaintiff making the job offer more challenging to Plaintiff.

b) Plaintiff requested reasonable accommodation for the job due to the sudden change and was denied.

c) Moreover, Kathleen counseled out of the position to choose one; whether to stay per Diem or to work early morning 3am shift. After Kathleen's denial of his requested for reasonable accommodation Plaintiff declined the offer and stated the reason.

d) Sooner after Plaintiff declined the job, in December of 2012, Kathleen changed the time and shift in January and made a new offer to a Kurdish-American, an ARABE.

e) In addition, Kathleen reduced Plaintiff hours from 40-24 per week.

f) Furthermore, Kathleen and Meena maliciously used discrimination and retaliation tactics against Plaintiff forced to removing Plaintiff from the weekly schedule does taking the rest of his weekly24 hours and earnings away.

g) Plaintiff has same attendance record and work hours shift and schedule same or better than SIMILARLY SITUATED COWORKERS of same Histology Department coworkers but Plaintiff was the sole victim and against whom Kathleen ad Meena used attendance record against.

h) Kathleen treats the entire Histotechnicians favorably **except** "Plaintiff" the only Black African -American. The disparity in between Plaintiff and similarly situated coworkers Histotechnician shows that Plaintiff was treated unfavorably.

i) Kathleen took such action because according to her, in a written letter which Kathleen addressed to plaintiff, she stated that, Plaintiff requested reasonable accommodation and indicates he could not work earlier before 5:30am, comparing Plaintiff hours to the similarly situated coworkers of different race, color, national origin and sex.

j) Kathleen did not only Compared Plaintiff's work schedule to his coworkers', in addition Kathleen told Plaintiff since Plaintiff indicates he can't work earlier, before 5am; she doesn't need Plaintiff, because she wants to get the slides to physicians latest by 8am and that is why Plaintiff was removed from the weekly schedule she added.

k) Kathleen stated she would keep Plaintiff for later assignments, even after the fact that Kathleen already indicates to Plaintiff she doesn't have later assignment.

l) According the Defendant, the Histotechnician and Histology jobs are early hour's job and the turnaround time according to the Defendant is 8AM; but the Defendant hired four (4) more new Plaintiff's coworkers who worked same or later hours compared to Plaintiff after she stated she wants to get slides sent to Pathologists by 8am.

m) In 2013, Meena denied Plaintiff from having his annually training at work so, Meena willfully intended to deprive Plaintiff from getting paid like his coworkers of different race color, national origin and sex; the rest of Plaintiff's coworkers Histotechnicians were paid for their training including the new per diem; Meena invited Plaintiff's coworkers per diems to punch in at work to complete their annual training.

n) In 2014, as soon as Plaintiff filed a discrimination complaint against Meena, she designed the entire Anatomy Pathology staffs name with colored shoes representing each staff member name and was posted in the Break Room. Meena discriminates against Plaintiff the only Black African- American Histotechnician. Meena willfully excluded Plaintiff's name from the employees list, even after the fact that plaintiff was not on schedule but Plaintiff was still on the Defendant's employee and the Payroll.

o) In fact, the entire Histology employees includes the new per diem hired the Caucasian Ukrainian-American who was hired after Plaintiff being taken off schedule had her name but Plaintiff had not.

p) As matter of fact, while Plaintiff's discrimination complaint investigation was under review by the EEOC, Defendant discriminates /retaliated against Plaintiff for exercising his protected activities, thus Defendant maliciously denied Plaintiff another full time vacancy position job opportunity. Kathleen offered the full time position to same per diem that was hired to replace Plaintiff, within a day period, after it has been allegedly said to be posted, avoiding Plaintiff from having time or being considered for the opportunity he had to apply for the vacancy.

q) Meena denied Plaintiff employment benefits sick time but granted sick time to Plaintiff's coworkers of different race, color, national origin, and sex; even though Plaintiff has accrued his sick time. Defendant discriminated against Plaintiff and deprived him from his employment benefits by violating the terms and conditions of Plaintiff employment. Plaintiff offer letter indicates that Plaintiff would be eligible for benefits if worked 20 hours or more; Plaintiff record shows that he worked over 20, but for whole year, Kathleen deprived Plaintiff his benefits such as medical, vision & dental insurance, life insurance, retirement funds such as 401k.

23. Throughout this time, Plaintiff believed he has being punished, discriminate and retaliated against for complaining to EEOC and for exercising his protected activities.

r) As results to Kathleen and Meena's actions, Plaintiff was forced out of the weekly schedule; therefore lost average 30 hours per week. Plaintiff earns $30/hour thus lost an average 30hoursx$30 = $900 per week.

24. Plaintiff has suffered damages because of Defendant's actions.

**COUNT FOUR:**

25. **Paragraphs 1 through 24 are repeated and re-alleged in this fourth Count.**
26. **Defendant had duties and responsibilities to supervise Meena and Kathleen's unlawful activities; but, the Defendant failed to supervise both Kathleen and Meena. The Defendant knew or should have known Mrs. Kathleen and Mrs. Meena would cause injury without proper supervision because of both Kathleen and Meena public actions and even after the fact that the Defendant was aware or should have known of the problems with Mrs. Kathleen and Meena's discriminatory activities and which indicates their unfitness as employees even after multiple attempts by Plaintiff then complainant, still the Defendant failed to take appropriate actions including that:**

a) Between June through December of 2012, Plaintiff applied for a full time job vacancy while Michelle Zaijack was Plaintiff's direct supervisor and was offered the job; as soon as Michelle Zaijack left, the COO Kathleen changed the position hours including the terms and condition of the offer for the plaintiff making the job offer more challenging to Plaintiff.

b) Plaintiff requested reasonable accommodation for the job due to the sudden change and was denied.

c) Moreover, Kathleen counseled out of the position to choose one; whether to stay per Diem or to work early morning 3am shift. After Kathleen's denial of his requested for reasonable accommodation Plaintiff declined the offer and stated the reason.

d) Sooner after Plaintiff declined the job, in December of 2012, Kathleen changed the time and shift in January and made a new offer to a Kurdish-American, an ARABE.

e) In addition, Kathleen reduced Plaintiff hours from 40-24 per week.

f) Furthermore, Kathleen and Meena maliciously used discrimination and retaliation tactics against Plaintiff forced to removing Plaintiff from the weekly schedule does taking the rest of his weekly24 hours and earnings away.

g) Plaintiff has same attendance record and work hours shift and schedule same or better than SIMILARLY SITUATED COWORKERS of same Histology Department coworkers but Plaintiff was the sole victim and against whom Kathleen ad Meena used attendance record against.

h) Kathleen treats the entire Histotechnicians favorably <u>except</u> "Plaintiff" the only Black African -American. The disparity in between Plaintiff and similarly situated coworkers Histotechnician shows that Plaintiff was treated unfavorably.

i) **Kathleen took such action because according to her, in a written letter which Kathleen addressed to plaintiff, she stated that, Plaintiff requested reasonable accommodation and indicates he could not work earlier before 5:30am, comparing Plaintiff hours to the similarly situated coworkers of different race, color, national origin and sex.**

j) Kathleen did not only Compared Plaintiff's work schedule to his coworkers', in addition Kathleen told Plaintiff since Plaintiff indicates he can't work earlier, before 5am; she doesn't need Plaintiff, because she wants to get the slides to physicians latest by 8am and that is why Plaintiff was removed from the weekly schedule she added.

k) Kathleen stated she would keep Plaintiff for later assignments, even after the fact that Kathleen already indicates to Plaintiff she doesn't have later assignment.

l) According the Defendant, the Histotechnician and Histology jobs are early hour's job and the turnaround time according to the Defendant is 8AM; but the Defendant hired four (4) more new Plaintiff's coworkers who worked same or later hours compared to Plaintiff after she stated she wants to get slides sent to Pathologists by 8am.

m) In 2013, Meena denied Plaintiff from having his annually training at work so, Meena willfully intended to deprive Plaintiff from getting paid like his coworkers of different race color, national origin and sex; the rest of Plaintiff's coworkers Histotechnicians were paid for their training including the new per diem; Meena invited Plaintiff's coworkers' per diems to punch in at work to complete their annual training.

n) In 2014, as soon as Plaintiff filed a discrimination complaint against Meena, she designed the entire Anatomy Pathology staffs name with colored shoes representing each staff member name and was posted in the Break Room. Meena discriminates against Plaintiff the only Black African- American Histotechnician. Meena willfully excluded Plaintiff's name from the employees list, even after the fact that plaintiff was not on schedule but Plaintiff was still on the Defendant's employee and the Payroll. In fact, the entire Histology employees includes the new per diem hired the Caucasian Ukrainian-American who was hired after Plaintiff being taken off schedule had her name but Plaintiff had not.

o) As matter of fact, while Plaintiff's discrimination complaint investigation was under review by the EEOC, Defendant discriminates /retaliated against Plaintiff for exercising his protected activities, thus Defendant maliciously denied Plaintiff another full time vacancy position job opportunity. Kathleen offered the full time position to same per diem that was hired to replace Plaintiff, within a day period, after it has been allegedly said to be posted, avoiding Plaintiff from having time or being considered for the opportunity he had to apply for the vacancy.

p) Meena denied Plaintiff employment benefits sick time but granted sick time to Plaintiff's coworkers of different race, color, national origin, and sex; even though Plaintiff has accrued his sick time.

q) Defendant discriminated against Plaintiff and deprived him from his employment benefits by violating the terms and conditions of Plaintiff employment.

Plaintiff offer letter indicates that Plaintiff would be eligible for benefits if worked 20 hours or more; Plaintiff record shows that he worked over 20, but for whole year, Kathleen deprived Plaintiff his benefits such as medical, vision & dental insurance, life insurance, retirement funds such as 401k.

27. Throughout this time, Plaintiff believed he has being punished, discriminate and retaliated against for complaining to EEOC and for exercising his protected activities.
   r) As results to Kathleen and Meena's actions, Plaintiff was forced out of the weekly schedule; therefore lost average 30 hours per week. Plaintiff earns $30/hour thus lost an average 30hoursx$30 = $900 per week.
28. Plaintiff has suffered damages because of Defendant's actions.

**COUNT FIVE**

29. **Paragraphs 1 through 28 are repeated and re-alleged in this Fifth Count.**
30. **Defendant violated the United States Civil Right Act of 1964 and the Connecticut General Statutes 46a-60(a)(1) discriminating against Plaintiff because of his race, color, sex, national origin, disability and even retaliated against Plaintiff for filing complaint with EEOC, preventing Plaintiff from exercising his protected activities thus discouraging Plaintiff from exercising his protected activities in violation of the law including:**
   a) Between June through December of 2012, Plaintiff applied for a full time job vacancy while Michelle Zaijack was Plaintiff's direct supervisor and was offered the job; as soon as Michelle Zaijack left, the COO Kathleen changed the position hours including the terms and condition of the offer for the plaintiff making the job offer more challenging to Plaintiff.
   b) Plaintiff requested reasonable accommodation for the job due to the sudden change and was denied.
   c) Moreover, Kathleen counseled out of the position to choose one; whether to stay per Diem or to work early morning 3am shift. After Kathleen's denial of his requested for reasonable accommodation Plaintiff declined the offer and stated the reason.
   d) Sooner after Plaintiff declined the job, in December of 2012, Kathleen changed the time and shift in January and made a new offer to a Kurdish-American, an ARABE.
   e) In addition, Kathleen reduced Plaintiff hours from 40-24 per week.
   f) Furthermore, Kathleen and Meena maliciously used discrimination and retaliation tactics against Plaintiff forced to removing Plaintiff from the weekly schedule does taking the rest of his weekly24 hours and earnings away.
   g) **Plaintiff has same attendance record and work hours shift and schedule same or better than SIMILARLY SITUATED COWORKERS of same Histology Department coworkers but Plaintiff was the sole victim and against whom Kathleen ad Meena used attendance record against.**

h) Kathleen treats the entire Histotechnicians favorably **except** "Plaintiff" the only Black African -American. The disparity in between Plaintiff and similarly situated coworkers Histotechnician shows that Plaintiff was treated unfavorably.

i) Kathleen took such action because according to her, in a written letter which Kathleen addressed to plaintiff, she stated that, Plaintiff requested reasonable accommodation and indicates he could not work earlier before 5:30am, comparing Plaintiff hours to the similarly situated coworkers of different race, color, national origin and sex.

j) Kathleen did not only Compared Plaintiff's work schedule to his coworkers', in addition Kathleen told Plaintiff since Plaintiff indicates he can't work earlier, before 5am; she doesn't need Plaintiff, because she wants to get the slides to physicians latest by 8am and that is why Plaintiff was removed from the weekly schedule she added.

k) Kathleen stated she would keep Plaintiff for later assignments, even after the fact that Kathleen already indicates to Plaintiff she doesn't have later assignment.

l) According the Defendant, the Histotechnician and Histology jobs are early hour's job and the turnaround time according to the Defendant is 8AM; but the Defendant hired four (4) more new Plaintiff's coworkers who worked same or later hours compared to Plaintiff after she stated she wants to get slides sent to Pathologists by 8am.

m) In 2013, Meena denied Plaintiff from having his annually training at work so, Meena willfully intended to deprive Plaintiff from getting paid like his coworkers of different race color, national origin and sex; the rest of Plaintiff's coworkers Histotechnicians were paid for their training including the new per diem; Meena invited Plaintiff's coworkers per diems to punch in at work to complete their annual training.

n) In 2014, as soon as Plaintiff filed a discrimination complaint against Meena, she designed the entire Anatomy Pathology staffs name with colored shoes representing each staff member name and was posted in the Break Room. Meena discriminates against Plaintiff the only Black African- American Histotechnician. Meena willfully excluded Plaintiff's name from the employees list, even after the fact that plaintiff was not on schedule but Plaintiff was still on the Defendant's employee and the Payroll. In fact, the entire Histology employees includes the new per diem hired the Caucasian Ukrainian-American who was hired after Plaintiff being taken off schedule had her name but Plaintiff had not.

o) As matter of fact, while Plaintiff's discrimination complaint investigation was under review by the EEOC, Defendant discriminates /retaliated against Plaintiff for exercising his protected activities, thus Defendant maliciously denied Plaintiff another full time vacancy position job opportunity.

Kathleen offered the full time position to same per diem that was hired to replace Plaintiff, within a day period, after it has been allegedly said to be posted, avoiding Plaintiff from having time or being considered for the opportunity he had to apply for the vacancy.

p) Meena denied Plaintiff employment benefits sick time but granted sick time to Plaintiff's coworkers of different race, color, national origin, and sex; even though Plaintiff has accrued his sick time.

q) Defendant discriminated against Plaintiff and deprived him from his employment benefits by violating the terms and conditions of Plaintiff employment. Plaintiff offer letter indicates that Plaintiff would be eligible for benefits if worked 20 hours or more; Plaintiff record shows that he worked over 20, but for whole year, Kathleen deprived Plaintiff his benefits such as medical, vision & dental insurance, life insurance, retirement funds such as 401k.

31. Throughout this time, Plaintiff believed he has being punished, discriminate and retaliated against for complaining to EEOC and for exercising his protected activities.

r) As results to Kathleen and Meena's actions, Plaintiff was forced out of the weekly schedule; therefore lost average 30 hours per week. Plaintiff earns $30/hour thus lost an average 30hoursx$30 = $900 per week.

32. Plaintiff has suffered damages because of Defendant's actions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follow:

1. With respect to all claims for relief, judgment awarding Plaintiff back pay, front pay, damages for emotional distress, compensatory damages, and punitive damages;
2. With respect to all claims for relief an award to Plaintiff of his attorney's fees and cost; if he chooses to hire one.
3. Such other and further relief as the Court may deem appropriate.

THE PLAINTIFF, [signature] Date 6/8/2015

SAUSSOU KARIM-SEIDOU

516 Sedgewick Ave
Stratford CT 06615

EEOC Form 161 (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Salissou Karim-Seidou**
**516 Sedgewick Avenue**
**Stratford, CT 06615**

From: **Boston Area Office**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **523-2014-00802** | **Amon L. Kinsey, Jr., Investigator** | **(617) 565-3188** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

Feng K. An,
Area Office Director

MAR 2 0 2015
*(Date Mailed)*

cc: **SAINT FRANCIS CARE INC.**
**c/o: Christopher L. Brigham, Esq.**
**Updike, Kelly & Spellacy, P.C.**
**One Century Tower**
**265 Church Street**
**New Haven, CT 06510**